■ In the Matter of ROBERT WALDEN, Respondent, v VILLAGE OF GREENPORT et al., Appellants, et al., Respondent. [653 NYS2d 32] —In a proceeding pursuant to CPLR article 78 to review a determination of a Hearing Officer, dated February 16, 1995, not to remove a certain Grand Jury report from the official record of a disciplinary proceeding or to direct that testimony relevant thereto be stricken, the Village of Greenport, the Board of Trustees of the Village of Greenport and Mayor David Kapell appeal from a judgment of the Supreme Court, Suffolk County (Werner, J.), dated October 16, 1995, which granted the petition.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner Robert Walden was employed by the Village of Greenport as its police chief. He was suspended from his position on May 19, 1994, and was served with disciplinary charges by notice dated October 5, 1994. A hearing on this matter commenced on November 3, 1994.

At the hearing, open to the public at Walden's request, the Village sought to introduce into evidence a certain Grand Jury report. The Hearing Officer admitted it into evidence over Walden's objection. On November 7, 1994, Justice Leis of the Supreme Court, Suffolk County, issued an order vacating its original order which had accepted the report and instead sealed

it. Subsequently, the people of the Village of Greenport voted to abolish the police department and the hearing was terminated before any determination on the disciplinary charges was reached. Thereafter Walden contacted the Hearing Officer and requested that the report and the testimony related to it be stricken from the public record. On February 16, 1995, the Hearing Officer notified Walden of his decision to keep the hearing record intact.

The petitioner then commenced this proceeding seeking to have the report expunged from the hearing record, and the court granted the application. We affirm.

We find that the Hearing Officer's determination constituted an abuse of discretion (see, CPLR 7803 [3]) since it essentially rendered Justice Leis' order a nullity.

Contrary to the appellants' claim, the instant proceeding, commenced on or about May 30, 1995, was timely (see, CPLR 217 [1]).

We have reviewed the appellants' remaining contentions and find them to be without merit. Mangano, P. J., Bracken, Thompson and McGinity, JJ., concur.